NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
POONAM G. KUMAR (Cal. Bar No. 270802)
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
ROGER A. HSIEH (Cal. Bar No. 294195)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0719/4849/0600
     Facsimile: (213) 894-6269
     E-mail:    poonam.kumar@usdoj.gov
                eddie.jauregui@usdoj.gov
                roger.hsieh@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-282-RGK-CFE-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION FOR CERTIFICATION OF FACTS AND ISSUANCE OF ORDER TO SHOW CAUSE AGAINST DEFENDANT CHINA ZHONGWANG HOLDINGS; DECLARATION OF ROGER A. HSIEH; DECLARATION OF JOHN CHOPP; EXHIBITS; [PROPOSED] ORDER |
| v. | |
| ZHONGTIAN LIU ET AL., | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Roger A. Hsieh, Poonam G. Kumar, and Eddie A. Jauregui, hereby moves this Court for (1) a certification of facts regarding defendant China Zhongwang Holdings' failure to appear for its initial appearance dates in this case to answer to an indictment, and (2) an order to show cause why

defendant should not be held in contempt by reason of the facts so certified.

    This motion is based upon the attached memorandum of points and authorities, the declarations of Assistant United States Attorney Roger A. Hsieh and Homeland Security Investigations Special Agent John Chopp, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 22, 2020        Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

   /s/ *Roger A. Hsieh*
ROGER A. HSIEH
POONAM G. KUMAR
EDDIE A. JAUREGUI
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The Indictment in this case alleges that three individuals and seven organizational defendants were part of a wide-ranging conspiracy to evade approximately $1.8 billion in customs duties, defraud investors in a company traded on the Hong Kong Stock Exchange, and launder millions in money through the international and U.S. financial markets. The Indictment was unsealed on July 30, 2019. None of the individual defendants have appeared and six of the charged corporate defendants first made their initial appearances on April 13, 2020. Prior to their filing of notices of appearance, the Honorable R. Gary Klausner held the six U.S.-based corporate defendants in contempt for their failure to appear and those defendants have accrued sanctions totaling more than $5.8 million. (See Dkts. 59, 64, 71, 74, 89, 150-52.)

China Zhongwang Holdings, Limited ("China Zhongwang") has similarly failed to appear. Through this motion, the government respectfully requests that the Honorable Charles F. Eick, United States Magistrate Judge, certify facts concerning defendant China Zhongwang's failure to appear for its initial appearance dates and issue an order to show cause why defendant China Zhongwang should not be held in contempt. As set forth below, defendant China Zhongwang received notice of the summonses and court order to appear before the Court for its initial appearance date on August 26, 2019, and its two continued initial appearance dates on December 18, 2019, and February 12, 2020 (collectively, the "Initial Appearance Dates"), but nevertheless failed to appear.

**II. SERVICE OF A FOREIGN CORPORATION UNDER RULE 4**

Defendant China Zhongwang is a public company listed with the Hong Kong Stock Exchange and headquartered in China. (See Declaration of Roger A. Hsieh ("Hsieh Decl.") ¶ 2.) Defendant China Zhongwang does not maintain any offices in the United States. (Id.) Federal Rule of Criminal Procedure 4 sets forth the manner in which a foreign corporation should be served. Specifically, it provides:

> (D) A summons is served on an organization not within a judicial district of the United States:
>
>   (i) by delivering a copy, in a manner authorized by the foreign jurisdiction's law, to an officer, to a managing or general agent, or to an agent appointed or legally authorized to receive service of process; or
>
>   (ii) **by any other means that gives notice**, including one that is:
>
>     (a) stipulated by the parties;
>
>     (b) undertaken by a foreign authority in response to a letter rogatory, a letter of request, or a request submitted under an applicable international agreement; or
>
>     (c) permitted by an applicable international agreement.

Fed. R. Crim. P. 4 (2016) (emphasis added).

Rule 4 was amended in 2016 to adopt the language set forth above. Under the prior version of Rule 4, foreign defendants without a physical place of business within the United States, such as defendant China Zhongwang, could commit crimes against the United States without ever having to answer to an Indictment.[1] In response to this loophole, the Advisory Committee developed three proposed revisions to Rule 4 in 2014, including a new subdivision (D) that

---

[1] The 2011 Version of Rule 4(c)(3)(C) provided that a summons served on an organizational defendant "must also be mailed to the organization's last known address within the district or to its principal place of business elsewhere in the United States."

2

authorized serving a summons on an organization not within a judicial district of the United States by several enumerated means and by "any other means that gives notice."  See In re Pangang Group Co., 901 F.3d 1046, 1051 (9th Cir. 2018).  In response to the proposed revisions to Rule 4, a law firm representing a Chinese corporation contended that the proposed language would allow the government to serve a summons by informal means such as "simply by sending a letter or an email."  Id.  The Department of Justice argued that these were benefits and not flaws of the proposed amendment.  Id. at 1052.  After considering the comments, the Advisory Committee approved the amendments, including the current language in Rule 4(c)(3)(D)(ii).  Id.  The Advisory Committee noted the language "by any other means that gives notice" would provide "flexibility for cases in which the Department of Justice concludes that service cannot be made (or made without undue difficulty) by the enumerated means" of service in Rule 4.  Id.  Indeed, in implementing this language, the Advisory Committee specifically "chose not to require the government 'to show other options were not feasible or had been exhausted before resorting to certain options for service.'"  Id. at 1052.  The amendments to Rule 4 took effect December 1, 2016.  Id.  The Ninth Circuit thereafter held that the options for service outlined in Rule 4(c)(3)(D)(ii)(a)-(c) was a list of those that are presumed to have provided notice, but that the government could satisfy the provisions of Rule 4 by any means that gives notice, even if not specifically enumerated.  Id.

**III. STATEMENT OF FACTS**

The Court issued two separate summonses and a court order to defendant China Zhongwang.  The summonses and order required

defendant China Zhongwang to appear on August 26, 2019, December 18, 2019, and February 12, 2020. The government served the summonses and court order in different manners, including by serving counsel to the Chairman and President of China Zhongwang, requesting that the Chinese and Hong Kong governments serve defendant China Zhongwang, and serving China Zhongwang's three corporate offices through mail, email, and facsimile. Through these means, defendant China Zhongwang has been provided notice of the Initial Appearance Dates under Rule 4.

### A. Defendant China Zhongwang Is Aware of the Indictment

As set forth above, the Indictment in this matter was unsealed on July 30, 2019. Thereafter, the government issued a press release describing the charges in in the 53-page Indictment. (Hsieh Decl. ¶ 3.) In the second sentence of the press release, the United States Attorney's Office for the Central District of California stated that defendant China Zhongwang was charged in the Indictment. (Id.) Reports of the Indictment appeared almost immediately in a variety of national and international news publications, including The New York Times, Los Angeles Times, Wall Street Journal, Washington Post, Financial Times, Reuters, Bloomberg, BBC, and the South China Morning Post. (Id. ¶ 4.) On August 1, 2019, two days after the unsealing of the Indictment, defendant China Zhongwang issued a clarification announcement in which it noted the government's press release and an article in the Wall Street Journal related to the Indictment. (Id. ¶ 5.) In this announcement, defendant China Zhongwang acknowledged its prior knowledge of the government's investigation, and stated that neither it nor co-defendant Zhongtian Liu ("Liu") (who is also defendant China Zhongwang's controlling shareholder) had "received

4

any legal instrument or notice of the [grand jury proceeding]." (Id. ¶ 6.) Defendant China Zhongwang issued a further clarification announcement on August 5, 2019, stating that it understood the Department of Justice had obtained an indictment against defendant China Zhongwang and Liu. (Id. ¶ 7.) In this same announcement, defendant China Zhongwang stated that neither it nor Liu had "been served with any legal instrument or notice in relation to the [Indictment]." (Id.) Accordingly, it is clear that defendant China Zhongwang knew of the pending Indictment against it. As set forth below, the government has served and provided notice of the summonses to defendant China Zhongwang in several different ways. Notwithstanding knowing about the Indictment, neither defendant China Zhongwang nor a representative thereof has reached out to the government to discuss the Indictment or the court proceedings that would follow.

### B. The Government Served the Summonses on Counsel to Defendant China Zhongwang's Chairman and President

The government has been investigating this matter since 2016. (Id. ¶ 8.) During the course of its investigation, the government had discussions with a partner at the Washington, D.C. office of Morrison & Foerster LLP (the "Attorney"). (Id. ¶ 9.) During the government's investigation, the Attorney represented Changqing Lu ("Lu"), the current Chairman and President of defendant China Zhongwang. (Id.) On July 31, 2019, the day after the Indictment in this matter was unsealed, the government emailed the Attorney and informed him that an indictment charging, among others, defendant China Zhongwang, had been unsealed. (Id. ¶ 10.) The government asked whether the Attorney knew of attorneys representing defendant

China Zhongwang, to which the Attorney replied that he was not aware of whether defendant China Zhongwang had retained counsel to represent defendant China Zhongwang for purposes of the Indictment. (Id.)  On August 1, 2019, the government emailed the Attorney and attached a copy of the Indictment and asked whether Mr. Lu, as China Zhongwang's Chairman and CEO, was prepared to accept service of the summons for China Zhongwang and whether the Attorney would accept the summons on behalf of Mr. Liu.  (Id. ¶ 11, Ex. 2.)  On or about August 2, 2019, the Attorney responded stating he would need to discuss the matter with his client and get back to the government.  (Id. ¶ 12.) On August 7, 2019, the government followed up as it had not heard back from the Attorney.  (Id. ¶ 13.)  On that same day, the Attorney responded stating that Mr. Lu was not prepared to accept service of the summons for China Zhongwang and had not authorized the Attorney to accept service. (Id.)

    Thereafter, on or about August 8, 2019, the government mailed the Court-issued summons to Changqing Lu and Tianjin Zhongwang USA Corporation[2] via certified mail.  (Id. ¶ 14.)  The government did not hear back regarding the summons or receive signed confirmation of receipt from the intended recipients.  (Id.)  On August 23, 2019, the government emailed a copy of the summons to the Attorney, stating, among other things, that the initial appearance date was scheduled for August 26, 2019 at 2 p.m. in Los Angeles.  (Id. ¶ 15.)  The

---

[2] Tianjin Zhongwang USA Corporation is an "aluminum trading distribution" company registered with the California Secretary of State.  Changqing Lu is listed as the CEO and agent for service of process of Tianjin Zhongwang USA Corporation.  See https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=03968003-26684478.

6

Attorney did not respond, and defendant China Zhongwang subsequently failed to appear. (Id.; Dkt. 45.)

Prior to defendant China Zhongwang's December 18, 2019, and February 12, 2020, continued initial appearance dates, the government again served the summons and court order to defendant China Zhongwang through the Attorney. (Id. ¶ 16.) He failed to respond. (Id.) Despite these notices, defendant China Zhongwang failed to appear at any of the three Initial Appearance Dates. (See Dkts. 45, 67, 72.)[3]

### C. The United States Served the Summons and Court Order on Defendant China Zhongwang through Mail, Facsimile, and Email

After defendant China Zhongwang failed to appear for its August 26, 2019, initial appearance date, the government obtained the assistance of the Department of Justice's, Office of International Affairs ("OIA").[4] In November 2019, OIA sent local law enforcement agencies in China and Hong Kong a Mutual Legal Assistance ("MLA") Request to serve defendant China Zhongwang with an amended summons for a December 18, 2019, initial appearance date via FedEx and email. (See Hsieh Decl. ¶ 18.) OIA's contacts with the local law

---

[3] While the government has not confirmed to date whether the Attorney notified Mr. Lu of the information related to the summons, it appears very likely he did. First, the prior correspondence made clear that he was discussing the matter of accepting service with his client. Second, as a member of both the New York and Washington D.C. bars, the Attorney was likely required to communicate the nature of the Indictment and the existence of the summons to Lu. See N.Y. Rule of Prof'l Conduct 1.4(a) (A lawyer shall promptly inform the client of "material developments in the matter" and "keep the client reasonably informed about the status of the matter") (emphasis added); D.C. Rule of Prof'l Conduct 1.4(a)-(b) ("A lawyer shall keep a client reasonably informed about the status of a matter" and "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.") (emphasis added).

[4] OIA is the DOJ's "nerve center for international criminal law enforcement coordination." https://www.justice.gov/criminal-oia.

7

enforcement agencies in both China and Hong Kong acknowledged receipt of the MLA Request. (See id.) Defendant China Zhongwang again failed to appear for its December 18, 2019, initial appearance date, and the Court continued the initial appearance date to February 12, 2020, by court order. (See Dkts. 67-68.) In early January 2020, OIA contacted the local law enforcement agencies in China and Hong Kong and provided notice of the court order continuing the initial appearance date for defendant China Zhongwang to February 12, 2020. (See Hsieh Decl. ¶ 18.)

In addition, on January 17, 2020, Homeland Security Investigations ("HSI") Special Agents served the summons, Indictment, and court order continuing defendant China Zhongwang's initial appearance date to February 12, 2020, on defendant China Zhongwang's three offices in Hong Kong, Beijing, and Lioyang City via the United States Postal Services ("USPS"). (See Declaration of John Chopp ("Chopp Decl.") ¶¶ 5-8.) USPS records from February 18, 2020, showed that the packages were: (1) delivered to China Zhongwang's office in Hong Kong on or about January 23, 2020; (2) delivered to China Zhongwang's office in Beijing on or about February 2, 2020; and (3) in transit to China Zhongwang's office in Liaoyang City as of January 29, 2020, and then held for delivery. (Id. ¶ 5.) Despite the USPS website showing that the packages were successfully delivered to China Zhongwang's Hong Kong and Beijing offices, HSI eventually received all three packages as return mail. (Id. ¶¶ 6-8.) It appears that an unidentified person at China Zhongwang's Office in Hong Kong reviewed the package and then refused acceptance. (Id. ¶ 6.) The packages mailed to China Zhongwang's offices in Hong Kong and Beijing appeared opened and re-sealed. (Id. ¶¶ 6-7.)

On January 17, 2020, HSI agents served defendant China Zhongwang's headquarters in Liaoyang City via email. (Id. ¶¶ 3-4.) Although agents did not receive an email response from China Zhongwang's headquarters, they received no notice or other indication that the message had not been delivered. (Id. ¶ 4.) Finally, on or about February 4, 2020, HSI agents sent the summons via facsimile to defendant China Zhongwang's Hong Kong office and received a fax transmission receipt. (See id. ¶ 10.)[5]

### D. Defendant China Zhongwang Failed to Appear for Any of Its Initial Appearance Dates

As noted above, defendant China Zhongwang failed to appear for any of its three Initial Appearance Dates. (See Dkts. 45, 67, 72.) Notwithstanding knowing of the charges, China Zhongwang did not contact the government to discuss the Indictment or the court proceedings that would follow or take any steps to comply with their obligations to the court. On February 12, 2020, the date for China Zhongwang's initial appearance, the government briefly described some of its efforts to serve defendant China Zhongwang to the Court. The government noted that it would ask the Court to issue an order to show cause why civil contempt sanctions should not be imposed on defendant China Zhongwang and stated that it previously made a similar request regarding certain co-defendants who likewise had failed to appear. (See Dkt. 52.) The Court stated it would consider the government's briefing requesting factual findings and an order to show cause hearing.

---

[5] As alleged in the Indictment (Dkt. 1), defendant Zhongtian Liu controlled China Zhongwang and the other corporate defendants and also directed the individual defendants.

9

**IV.  MAGISTRATE JUDGE'S AUTHORITY**

Under the Federal Magistrates Act, 28 U.S.C. § 636(e), federal magistrate judges are authorized to exercise contempt authority in certain limited circumstances.  Here, where the government seeks civil contempt sanctions, the Court's authority is governed by 28 U.S.C. § 636(e)(6)(B)(iii).  Under that provision,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

Id.

"Under the certification process, the magistrate judge may conduct a hearing, but the magistrate judge functions only to certify the facts and not to issue an order of contempt." Bowens v. Atlantic Maintenance Corp., 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) (collecting cases) (internal quotations and citations omitted).  "In certifying the facts under Section 636(e), the magistrate judge's role is to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." Id. (internal quotations and citations omitted); see also Taberer v. Armstrong World Indus., Inc., 954 F.2d 888, 903 (3d Cir. 1992) ("[U]nder the statute, the magistrate judge's certification of facts seems designed to serve the function of a charging instrument or pleading for a trial to be held before the district judge.").  "The district court, upon certification of the facts supporting a finding of contempt, is then

required to conduct a de novo hearing at which issues of fact and credibility determinations are to be made." Bowens, 546 F. Supp. 2d at 71.

## V. THE GOVERNMENT HAS ESTABLISHED A PRIMA FACIE CASE OF CONTEMPT

"A party moving for civil contempt must prove that the non-moving party has violated a court order by clear and convincing evidence." Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4, 721 F.3d 1122, 1129 (9th Cir. 2013). Disobeying an order to appear can result in contempt just as disobeying any other court order. See United States v. Rylander, 714 F.2d 996, 1003 (9th Cir. 1983) (criminal contempt).

Here, the government has established a prima facie case of contempt. The evidence establishes that the government served summonses and a court order to appear on defendant China Zhongwang under Rule 4's "by any other means that provides notice" by serving the summonses or court order to: (1) counsel for defendant China Zhongwang's Chairman and President via email; (2) defendant China Zhongwang via email to its headquarters in Liaoyang City; and (3) defendant China Zhongwang via facsimile to defendant China Zhongwang's Hong Kong office. These facts establish that defendant China Zhongwang had notice of the initial appearance dates. Taken together, this evidence establishes a prima facie case that, by failing to appear, defendant China Zhongwang violated a specific and definite order of the Court.

Accordingly, the government requests that the Court certify the following facts and issue an order to show cause why defendant China Zhongwang should not be held in contempt for failure to appear for its initial appearances:

11

1.  Defendant China Zhongwang Holdings (defendant "China Zhongwang") was properly served under Federal Rule of Criminal Procedure 4 with summonses and an order to appear before the United States District Court to answer to an Indictment on August 26, 2019, December 18, 2019, and February 12, 2020, at 2:00 p.m. at the United States Courthouse at 255 E. Temple Street, Los Angeles, California, 90012.

2.  The summons was served on defendant China Zhongwang for the August 26, 2019, initial appearance date via email to counsel for defendant China Zhongwang's Chairman and President on or about August 23, 2019.

3.  The amended summons was served on defendant China Zhongwang for the December 18, 2019, initial appearance date via email to counsel for defendant China Zhongwang's Chairman and President on or about October 22, 2019.

4.  The court order continuing the initial appearance date to February 12, 2020, was served on defendant China Zhongwang: (1) via email to counsel for defendant China Zhongwang's Chairman and President on or about January 8, 2020; (2) via email to defendant China Zhongwang's headquarters in Liaoyang City on or about January 17, 2020; and (3) via facsimile to defendant China Zhongwang's Hong Kong Office on or about February 4, 2020.

5.  Defendant China Zhongwang failed to appear for its initial appearances at the Roybal Federal Building, 255 East Temple Street, Los Angeles, California, in Courtroom 341, on August 26, 2019, December 18, 2019, and February 12, 2020, at 2:00 p.m., notwithstanding the summonses and order to appear in that place and on those dates and times.

6. Accordingly, the government has established a prima facie case of contempt by defendant China Zhongwang.

## VI. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court certify the above facts and issue an order to show cause why the defendant China Zhongwang should not be held in contempt for failing to appear for its Initial Appearance Dates.